E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KELLYE NG (Cal. Bar No. 313051)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8408
     Facsimile: (213) 894-3713
     E-mail:   Kellye.Ng@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-265-ODW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT JAY JADAV |
| v. | |
| JAY JADAV, | Hearing Date: July 24, 2023<br>Hearing Time: 11:00 a.m.<br>Location:    Courtroom of the<br>             Hon. Otis D. Wright II |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kellye, hereby files its sentencing position.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 10, 2023	Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


        /s/
KELLYE NG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In October 2019, defendant knowingly had sexual contact with victim L.B. without L.B.'s permission while on an airplane by intentionally touching L.B.'s buttocks through and under her clothing, with an intent to abuse and degrade her.  In October 2022, defendant pleaded guilty to abusive sexual contact, in violation of 18 U.S.C. § 2244(b).

Based on the applicable Guidelines range and the plea agreement, the government recommends that defendant be sentenced to a term of five years' probation, with a condition of six months' home detention.  Such a sentence will appropriately hold defendant accountable for his crime, promote respect for the law, and deter defendant and others from committing similar crimes in the future.

**II.   BACKGROUND AND PRESENTENCE REPORT**

In October 2019, defendant and L.B. were on a flight from Portland, Oregon, to Los Angeles International Airport ("LAX").  (PSR ¶ 8.)  Defendant was in the middle seat of the plane, and L.B. was sitting in the window seat.  (Id.)  The two did not know each other.  During the flight, defendant rubbed L.B.'s leg with his own leg.  (See id.)  To position herself further from defendant, L.B. moved closer to the window.  (See id.)  She put her jacket over herself and fell asleep.  (See id.)  After about 45 minutes to one hour into the flight, L.B. woke up after feeling defendant's hand through and under her clothing, more specifically, in her "butt crack."  (See id.)  She leapt up immediately and moved seats.  (See id. ¶¶ 8-9.)

In June 2023, the United States Probation Office ("Probation Office") disclosed the Presentence Investigation Report ("PSR") and

Recommendation Letter.  (Dkts. 42, 43.)  The PSR provides that defendant's criminal history category is I (PSR ¶ 37), and that defendant's total offense level is 10 (id. ¶ 31).  The resulting Guidelines range is 6 to 12 months.  The Probation Office recommends a sentence of six months' imprisonment followed by five years' supervised release, including registering as a sex offender and not traveling on an airplane without prior approval from the Probation Office.  (Dkt. 42 at 3-4.)

**III. THE GOVERNMENT'S RECOMMENDATION**

The government agrees with the Probation Office's calculations, but respectfully recommends five years of probation, to include six months of home detention.  This sentence is reasonable and appropriate under the § 3553(a) factors.

**A.  Nature and Circumstances of the Offense and History and Characteristics of the Defendant, § 3553(a)(1)**

Defendant's crime was perpetrated on the body of another person who was sleeping in the window seat of an airplane.  Among other things, defendant's crime caused L.B. to be distressed and on the verge of crying.  (PSR ¶¶ 9, 10.)

Nevertheless, the government recognizes that there are also facts in mitigation.  Defendant has no prior criminal history and has been compliant with pretrial release since August 2020.  (Dkt. 42 at 6.)  The government's recommended sentence seeks to balance both the seriousness of the conduct with the mitigating facts.

**B.  Need for Deterrence and To Promote Respect for the Law, § 3553(a)(2)**

Five years of probation, to include six months of home detention, will achieve the objective of deterrence and promoting respect for the law.  In terms of specific deterrence, a federal

2

felony conviction for someone who has never been in trouble with the law before will underscore that defendant cannot engage in sexual contact with women without their consent. The home detention recommendation accounts for defendant's lack of criminal history, his compliance with pretrial release, and what appears to be genuine remorse for his conduct. General deterrence is also important because flights where strangers are closely situated, and especially flights where passengers are asleep (and therefore, more vulnerable), rely upon individuals' mutual respect for one another. As such, the recommended sentence balances these interests, provides for adequate deterrence, and promotes respect for the law.

     **C.    Fine and Treatment**

The government agrees with the Probation Office's recommendation of a $10,000 fine. Defendant should also have to register as a sex offender, participate in psychological counseling or psychiatric treatment, or a sex offender treatment program, and comply with the requirements of those conditions as described by the Probation Office. As of the time of this filing, L.B. is not seeking restitution.

     **D.    Policy Statements and Need to Avoid Unwarranted Sentencing Disparities, § 3553(a)(6)**

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly-situated defendants. One way of doing so is to correctly calculate the Guidelines range. See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); see also Gall v. United

3

States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Sentencing Guidelines ranges.  Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").

In United States v. Marcelo de Jesumaria, CR 14-688-BRO, a defendant was convicted of abusive sexual contact on an airplane where he touched the victim through her clothing.  After being convicted at trial, the Probation Office concluded that the Guidelines range in that case was six to twelve months.  The Court imposed a six-month term of imprisonment, followed by one year of supervised release, including six months of home detention.  (CR 14-688-BRO, Dkt. 142 at 1.)

Likewise, in United States v. Juan Pablo Price, CR 15-61-GHK, a defendant who also proceeded to trial was convicted of abusive sexual contact on an airplane where he intentionally touched the victim's buttocks, breasts, groin, inner thigh, and vagina through her clothing, and that victim's breasts and vagina under her clothing, without the victim's permission.  The Probation Office concluded that the Guidelines range in that case was ten to sixteen months.  The Court sentenced defendant to three years' probation, including twelve months of home detention, with electronic monitoring.  (Dkt. 123 at 1.)

Here, and to defendant's credit, defendant accepted responsibility for his actions, unlike the defendants in Jesumaria and Price, thereby avoiding the emotional toll that court proceedings often have on victims in these types of cases.  For this reason, and

4

on the facts of this specific case, the government believes that five years' probation, including six months of home detention, is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully recommends five years of probation, to include six months of home detention, a $10,000 fine, and a mandatory assessment of $100. The government submits that this sentence is "sufficient, but not greater than necessary, to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2)." 18 U.S.C. § 3553(a).